**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| MACHIAS SAVINGS BANK<br><br>                Plaintiff,<br><br>v.<br><br>F/V "DESPERATE MEASURES II"<br>(O.N. 1111101) together with her masts, boilers, cables, engines, machinery, fishing permits, appurtenances, etc. *in rem,*<br><br>and<br><br>LOGAN R. JONES and DESPERATE MEASURES FISHERIES, *in personam,*<br><br>                Defendants. | Civil Action No. |

**VERIFIED COMPLAINT TO FORECLOSE MARITIME LIEN**
***IN REM* AND *IN PERSONAM***

      NOW COMES the plaintiff, Machias Savings Bank, by and through its undersigned counsel, and for its Verified Complaint states as follows.

                                A.      **Introduction**

      1.      This is a foreclosure action *in rem* against the F/V "Desperate Measure II" (O.N. 1111101) her masts, boilers, cables, engines, machinery, fishing permits appurtenances, etc. (the "Vessel") and an *in personam* action against defendant Logan R. Jones ("Jones") as the mortgagor and obligor under a promissory note secured by a duly-perfected first preferred ship mortgage against the Vessel, and an *in personam* action against Desperate Measures Fisheries, a Maine corporation as guarantor.

1

**B.      Parties, Jurisdiction and Venue**

2. Plaintiff Machias Savings Bank ("Bank") is a Maine bank corporation with a principal place of business at 4 Center St., Machias, Maine.

3. The Vessel is a commercial fishing vessel documented pursuant to the laws of the United States of America and bearing official number 1111101.

4. The Vessel is now afloat upon the navigable waters of the United States and is within the jurisdiction of this Court.

5. *In personam* defendant Jones is an individual with a last-known address of 777 River Road, Cushing, Maine.

6. *In personam* defendant Desperate Measures Fisheries ("DMF") is a Maine corporation with a principal place of business at 63 Woody Lane, Cushing, Maine. (Collectively, Jones, DMF and the Vessel are sometimes referred to herein as the "Defendants.")

7. The Vessel was last known to be moored in the harbor of Cushing, Maine.

8. This court has subject matter jurisdiction over the Bank's claims pursuant to 28 U.S.C. § 1333(1) and the Commercial Instruments and Maritime Liens Act, 46 U.S.C. §§ 30101, 31301 to 31343 ("CIMLA").

9. This action is a maritime and admiralty claim within the provisions of Fed. R. Civ. P. 9(h) and within the Fed. R. Civ. P. Supplemental Rules C and E for Certain Admiralty and Maritime Claims ("Supplemental Rules").

10. Venue is properly laid in the District of Maine pursuant to Supplemental Rules C and E and 28 U.S.C. § 1391(b) because the Vessel is located within the District

of Maine, the Bank's principal place of business is in the District of Maine, Jones is domiciled in the District of Maine and DMF is a Maine corporation.

### C. Factual Allegations

11. Jones is the owner and master of the Vessel.

12. Jones borrowed the sum of One Hundred Eighty-Six Thousand Five Hundred Thirty-One and 42/100 Dollars ($186,531.42) ("Loan") from the Bank, and in connection therewith, he executed and delivered to the Bank a promissory note dated April 6, 2020 in the original principal amount of $186,531.42 (as modified from time to time the "Note").

13. A true and correct copy of the Note is attached hereto as Exhibit 1 and is incorporated herein by reference.

14. To secure the payment of the Note, Jones, in accordance with CIMLA, executed and delivered a First Preferred Mortgage dated April 9, 2020 ("Ship Mortgage") covering the Vessel, and by the terms of the Ship Mortgage, assigned, pledged, mortgaged, set over and conveyed the Vessel to the Bank to secure the payment of the Note, future advances, and all other obligations set forth in the Ship Mortgage.

15. A true and correct copy of the Ship Mortgage is attached hereto as Exhibit 2 and is fully incorporated herein by reference.

16. The Ship Mortgage was duly recorded with the National Vessel Documentation Center in accordance with 46 U.S.C. § 31321 on June 15, 2020 at 10:06 AM.

17. DMF guarantied the prompt payment and performance of the Loan by Jones pursuant to a Commercial Guaranty dated April 6, 2020 ("Guaranty").

18. A true and correct copy of the Guaranty is attached hereto as Exhibit 3 and is incorporated herein by reference.

19. With the written consent of DMF as guarantor, Jones and the Bank entered into a modification agreement of the Note dated August 6, 2024, pursuant to which, inter alia, parties changed the non-default interest rate and payment terms under the Note.

20. A true and correct copy of the Modification Agreement is attached hereto as Exhibit 4 and is incorporated herein by reference.

21. As modified by the Modification Agreement, the principal balance due under the Note accrued interest at a rate of 8.5% per annum.

22. Jones defaulted pursuant to the Note and the Ship Mortgage by failing to make payments when due to the Bank.

23. Jones' default under the Note and the Ship Mortgage constituted DMF's default under the Guaranty.

24. Pursuant to the Note, upon Jones' default, the applicable interest rate was increased by 4% per annum from 8.5% per annum to 12.5% per annum computed on the basis of a 360 day year. When converted to a 365 day year accrual method, the actual interest rate is 12.67%.

25. On or about December 19, 2024, the Bank notified Jones in writing that the Note was in default because he had failed to make payments of principal when due, and

it provided Jones with an opportunity to cure his default within 15 days as a courtesy. *See* Exhibit 4 annexed hereto.

26. Jones' failure to pay principal and other amounts when due under the Note is a default under both the Note and the Ship Mortgage for which there is no right to cure.

27. Due to Jones' default, the Bank has duly accelerated the Note making the entire unpaid balance of the Note immediately due and payable.

28. As a result of his default, Jones has breached the condition of the Ship Mortgage, which entitles the Bank to foreclose the same.

## COUNT I
## FORECLOSURE OF MARITIME LIEN *IN REM*

29. The Bank repeats and realleges the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

30. The Bank holds a duly perfected first priority maritime lien against the Vessel by virtue of the Ship Mortgage to secure the Note.

31. Jones is in default pursuant to the Note and the Ship Mortgage.

32. As of January 13, 2025, the balance due under the Note is $94,173.00 consisting of $85,910.41 in principal, $6,621.05 in interest, and $1,641 in late charges.

33. Interest continues to accrue pursuant to the Note at the default rate of 12.5% per annum based on a 360-day year. When converted to a 365-day year accrual method, the actual interest rate is equal to 12.67% per annum.

34. Jones' default under the Note is a breach of the condition of the Ship Mortgage.

35. All conditions precedent to the foreclosure of the Ship Mortgage have been satisfied.

36. Pursuant to 46 U.S.C. § 31304(b), the Note, the Guaranty, and the Ship Mortgage, the Bank is entitled to recover its costs and attorneys' fees in this action.

37. The Bank has an unsatisfied maritime lien against the Vessel as stipulated in the Ship Mortgage in an amount that is not less than $94,173.00, plus interest, attorneys' fees and costs.

WHEREFORE, the Bank prays that this Honorable Court order, adjudge and decree:

a. That process in due form of law according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction may issue against the Vessel, her engines, tackle, furniture, apparel, etc., and all other necessaries thereunto belonging or pertaining, and that all persons claiming any interest in said Vessel may be cited to appear and answer to the matters aforesaid; and the citation according to the rules of this Court in causes of admiralty and maritime jurisdiction may issue against Defendants and that they may be cited to appear herein and to answer the allegations of this Complaint and that after due proceedings had, there may be judgment herein in favor of the Bank, and against Defendants for the full amount of its claim as aforesaid; that the Bank's Preferred Ship Mortgage and maritime lien resulting from said Ship Mortgage be recognized as the paramount lien against the Vessel; and the Vessel may be condemned and sold to pay any claims and demands as aforesaid, with interest and costs, including reasonable attorneys' fees, and that the Bank may have such other and further relief as in law and

justice as it may be entitled; and that said the Bank may become a purchaser at any sale of Vessel by bidding the amount due to it under the Note without liability for an outlay of cash; and

      b.      That it be declared that any and all persons, firms, or corporations claiming any interest in the Vessel are forever barred and foreclosed of and for all rights or equity of redemption or claim of, in and to the Vessel and every part thereof; and

      c.      That judgment be awarded to the Bank, in the amounts to be determined against the Defendants, plus accruing interest, pre and post-judgment interest, costs, and attorneys' fees; and

      d.      That judgment be awarded to the Bank against Jones and DMF in the amount of any deficiency that may be due to the Bank after applying the proceeds of the sale of the Vessel to the amount of the Bank's claim plus accruing interest, pre and post-judgment interest, costs, and attorneys' fees; and

      e.      Such other and further relief as this court may deem just and equitable.

## COUNT II
## FORECLOSURE OF MARITIME LIEN *IN PERSONAM*

38.      The Bank repeats and realleges the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

39.      By virtue of Jones' Loan obligations to the Bank, as evidenced by the Note, and secured by the Ship Mortgage, the Bank has a maritime lien *in personam* against Jones' interest in the Vessel under CIMLA and the General Maritime Law of the United States of America.

40. Jones is personally liable to the Bank for the amounts demanded in this Complaint, pursuant to the Note, plus costs, pre and post judgment interest and reasonable attorneys' fees.

41. All conditions precedent to this action have been satisfied.

WHEREFORE, the Bank prays that this Court order, adjudge and decree:

a. That judgment be awarded to the Bank against Jones in an amount to be determined by the court, plus accruing interest, pre-judgment interest, post judgment interest, costs and attorneys' fees;

b. That judgment be awarded to the Bank against Jones in the amount of any deficiency that may be due to the Bank after applying the proceeds of the sale of the Vessel to the amount of the Bank's claim plus post judgment interest; and

c. Such other and further relief as this court may deem just and equitable.

## COUNT III
## ACTION ON GUARANTY *IN PERSONAM*

42. The Bank repeats and realleges the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

43. DMF unconditionally guarantied Jones' loan obligations to the Bank pursuant to the Guaranty.

44. Pursuant to the Guaranty, DMV is jointly and severally liable for the amounts demanded in this Complaint by the Bank.

45. All conditions precedent to this action have been met.

WHEREFORE, the Bank prays for judgment against DMF in an amount to be determined at trial, and for its costs, attorneys' fees, pre and post judgment interest, and such other and further relief as may be just and proper.

Dated at Portland, Maine this 13th day of January, 2025

                                      */s/ Aaron P. Burns*
                                      Aaron P. Burns, Esq.
                                      Counsel for Machias Savings Bank

                                      PEARCE, DOW & BURNS, LLP
                                      2 Monument Sq. Ste 901
                                      P.O. Box 108
                                      Portland, ME 04112-0108
                                      (207) 822-9900

## **Verification**

1. My name is Gregory J. Fuller. I am employed by Machias Savings Bank in the capacity of Senior Vice President, Asset Management. In said capacity, I am responsible for supervising a portfolio of loans that are in default or are in danger of default. I am responsible for recovery of amounts owed by the loan obligors and to mitigate the Bank's losses through disposition of the Bank's collateral and/or by overseeing legal actions by the Bank's outside legal counsel to enforce the Bank's rights under its loan documents.

2. I am the Bank's responsible officer for the loan relationship referred to in the Complaint. In the course of my job responsibilities, I have personal knowledge of the record keeping systems and practices of Machias Savings Bank. My job requires me to review and access Machias Savings Bank's customer loan files and account information frequently, if not daily. My knowledge of the facts contained in this Complaint is derived from my personal knowledge of Machias Savings Bank's business records. All of the records referenced in this Complaint are kept in the ordinary course of business by Machias Savings Bank and were made at or near the time of the transactions by or from information transmitted by a person with knowledge of the facts set forth in said records. These records are kept by Machias Savings Bank pursuant to its regular practice of making such records.

3. As to account entries and balances claimed to be due, Machias Savings Bank's records are kept electronically in an industry standard secure electronic loan servicing system. Access to the loan servicing system is controlled by unique user id and password, and all access is logged. Users only have access to information required for their job responsibilities. Any credits to the account are made in the journal at or near the time of the transaction by a person with knowledge of the payment or credit. For example, a payment received by mail would be entered by an accounts payable clerk on the day of receipt. An electronic payment would be credited through the Bank's online banking platform on the date selected by the customer and would provide the customer with an electronic receipt once processed. All debits and credits to a loan account are subject to accounting checks for accuracy. Each customer receives a monthly account statement which would allow the customer to verify if payments were credited as expected.

4. As to loan documents and correspondence, hard copies of documents are maintained in a secure facility, access to which is controlled and limited to Bank employees who require access for their job responsibilities. The Bank also maintains electronic copies of documents in its electronic file system. Loan records and correspondence are indexed to loan account number and borrower. Access to the electronic file system is controlled by user ID and password and all access is logged. Copies of loan documents are scanned and entered into the electronic filing system at or near the time they were generated by a person with knowledge of the transaction. Correspondence is scanned and entered into the electronic filing system at or near the time of the correspondence by a person with knowledge.

5. Based on my personal knowledge of Machias Savings Bank's record keeping systems, the business records referred to in the Complaint, and my personal knowledge of the loan account of Logan R. Jones, the facts alleged in the Complaint are true and correct.

I declare that pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct.

Dated at Bangor, Maine this 13th day of January, 2025

/s/ Gregory J. Fuller
Gregory J. Fuller
Senior Vice President, Asset Management
Machias Savings Bank